1  AUSTIN SCHWING, SBN 211696
     aschwing@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone:  415.393.8200
4  Facsimile:   415.393.8306

5  SEAN S. TWOMEY, SBN 279527
     stwomey@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
7  Irvine, CA  92612-4412
   Telephone:  949.451.3800
8  Facsimile:   949.451.4220

9  Attorneys for Defendant
   NIKE, INC.

10

11              UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13

14  HAVENSIGHT CAPITAL LLC,              CASE NO. 2:14-CV- 08985-R-(FFMx)

15                  Plaintiff,           **NOTICE OF MOTION AND MOTION
                                         FOR SANCTIONS UNDER F.R.C.P.
16          v.                           11; MEMORANDUM OF POINTS
                                         AND AUTHORITIES  IN SUPPORT
17  NIKE, INC., et al.                   THEREOF**

18                  Defendants.

19                                       **Hearing:**
                                         Date:      February 17, 2015
20                                       Time:      10:00 a.m.
                                         Place:     Courtroom 8, 2nd Floor
21                                       Judge:     Hon. Manuel L. Real

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1  **TO THIS COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF**

2  **RECORD:**

3      Please take notice that on February 17, 2015 at 10:00 A.M. in Courtroom 8, 2nd

4  Floor, of the above-captioned court, located at 312 N. Spring Street, Los Angeles, CA,

5  90012, or as soon thereafter as may be heard, Defendant Nike, Inc. ("Nike") will, and

6  hereby does, move this Court for an order granting sanctions under Federal Rule of

7  Civil Procedure 11.

8      This motion is based on this Notice and the attached Memorandum of Points and

9  Authorities; the Declaration of Austin V. Schwing; and the papers and pleadings on

10  file herein and in Case No. 2:14-cv-07153-R-FFM, and on such additional papers and

11  arguments as may be presented at or before the hearing of this matter.

12      This motion is made following the conference of counsel pursuant to L.R. 7-3,

13  which took place starting on December 30, 2014.  Nike complied with Federal Rule of

14  Civil Procedure 11(c)(2) prior to filing this motion.

15

16

17  Dated: January 26, 2015

18                                  AUSTIN V. SCHWING
                                    SEAN S. TWOMEY
19                                  GIBSON, DUNN & CRUTCHER LLP

20                                  By:  /s/ Austin V. Schwing
21                                          Austin V. Schwing

22                                  Attorneys for Defendant Nike, Inc.

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

2
NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF CASE NO. 2:14-CV- 08985-R-(FFMx)

1

**TABLE OF CONTENTS**

2

Page

3   I.      INTRODUCTION ....................................................................... 1

4   II.     FACTUAL BACKGROUND ..................................................... 3

5   III.    RULE 11 SANCTIONS ARE APPROPRIATE ......................... 5

6           A.      Plaintiff's Counsel's False Affidavit Violated Rule 11. ............ 7

7           B.      Plaintiff's Racketeering Claim Violated Rule 11. .................... 7

8   IV.     CONCLUSION ....................................................................... 12

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Asbeka Industries v. Travelers Indemnity Co.*,
  831 F. Supp. 74 (E.D.N.Y. 1993) ................................................................. 8, 11

*Barlow v. McLeod*,
  666 F. Supp. 222 (D.D.C. 1986) ................................................................. 10

*Blair v. All American Bottling Corp.*,
  No. 86-1426-R, 1988 WL 150814 (S.D. Cal. Aug. 9, 1988) ................................. 11

*Brandt v. Schal Associates, Inc.*,
  121 F.R.D. 368 (N.D. Ill. 1988) ................................................................. 11

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ................................................................. 5

*Davis v. Hudgins*,
  896 F. Supp. 561 (E.D. Va. 1995) ................................................................. 10

*Elan Microelectronics Corp. v. Apple, Inc.*,
  No. C-09-01531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009) ......................... 6

*Figueroa Ruiz v. Algeria*,
  896 F.2d 645 (1st Cir. 1990) ................................................................. 8

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996) ................................................................. 9

*H. J. Inc. v. Northwestern Bell Telephone Co.*,
  492 U.S. 229 (1989) ................................................................. 10

*Harris Custom Builders, Inc. v. Hoffmeyer*,
  834 F. Supp. 256 (N.D. Ill. 1993) ................................................................. 10

*Harrison v. Dean Witter Reynolds, Inc.*,
  132 F.R.D. 184 (N.D. Ill. 1990) ................................................................. 10

*Henry v. Farmer City State Bank*,
  127 F.R.D. 154 (C.D. Ill. 1989) ................................................................. 10, 11

*Herships v. Maher*,
  No. C-97-3114, 1998 WL 164943 (N.D. Cal. Mar. 10, 1998) ......................... 6

*Jennings v. Emry*,
  910 F.2d 1434 (7th Cir. 1990) ................................................................. 11

*Katzman v. Victoria's Secret Catalogue*,
  167 F.R.D. 649 (S.D.N.Y. 1996) ................................................................. 7, 10, 11

ii

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*MGIC Indemnity Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986) .................................................................. 6

*Pelletier v. Zweifel*,
  921 F.2d 1465 (11th Cir. 1991) ............................................................... 8

*Pineda v. Saxon Mrtg. Services*,
  No. SACV 08-1187 JVS (ANx), 2008 WL 5187813 (C.D. Cal. Dec. 10,
  2008) ...................................................................................................... 8, 10

*Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.*,
  117 F. Supp. 2d 1357 (N.D. Ga. 2000) .................................................. 11

*Rae v. Union Bank*,
  725 F.2d 478 (9th Cir. 1984) .................................................................. 9

*Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*,
  30 F.3d 339 (2d Cir. 1995) ..................................................................... 9

*Ryan v. Clemente*,
  901 F.2d 177 (1st Cir. 1990) .................................................................. 10

*Sable v. Southmark/Envicon Capital Corp.*,
  819 F. Supp. 324 (S.D.N.Y. 1993) ......................................................... 11

*Sedima, S.P.R.L v. Imrex Co., Inc.*,
  473 U.S. 479 (1985) ............................................................................... 9

*Smith v. Our Lady of the Lake Hospital*,
  960 F.2d 439 (5th Cir. 1992) .................................................................. 8

*Tate v. Pacific Gas & Elec. Co.*,
  230 F. Supp. 2d 1072 (N.D. Cal. 2002) .................................................. 11

*Truesdell v. S. Cal. Permanente Med. Grp.*,
  209 F.R.D. 169 (C.D. Cal. 2002) ........................................................... 6

*White v. Beer*,
  679 F. Supp. 207 (E.D.N.Y.1988) .......................................................... 9

**Statutes**

18 U.S.C. § 1961(1) ....................................................................................... 9

18 U.S.C. § 1962(c) ....................................................................................... 8

Cal. Penal Code § 186.2 ................................................................................ 2

Cal. Penal Code § 186.3 ................................................................................ 2

Cal. Penal Code § 186.4 ................................................................................ 2

Gibson, Dunn &
Crutcher LLP

iii

NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER F.R.C.P 11; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
(continued)

**Rules**

Page(s)

Fed. R. Civ. Proc. 11(b) ................................................... 6

Fed. R. Civ. Proc. 11(b)(1) ................................................... 8

Fed. R. Civ. Proc. 11(b)(2) ................................................... 8

Fed. R. Civ. Proc. 11(b)(3) ................................................... 6, 8

Gibson, Dunn &
Crutcher LLP

iv

NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER F.R.C.P 11; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendant Nike, Inc. ("Nike") makes this motion for sanctions because Plaintiff Havensight Capital LLC's First Amended Complaint ("FAC") is based on the false affidavit of Benjamin Woodhouse, Plaintiff's counsel, and therefore each of the claims in the FAC is factually baseless and advanced for the improper purpose of harassing Nike and deceiving this Court.  Additionally, the FAC makes a frivolous claim for racketeering that plainly fails under the law and the facts Plaintiff alleges. Accordingly, sanctions are appropriate under Federal Rule of Civil Procedure 11.

Plaintiff Havensight Capital LLC ("Plaintiff" or "Havensight") has filed a FAC asserting antitrust, tort, and racketeering claims.  (FAC at 3-10.)  Plaintiff alleges that Nike engaged in unfair competition, antitrust violations (e.g., monopolization, tying, and price-fixing), and tortious conduct in connection with soccer specialty stores, which supposedly prevented Plaintiff, a soccer-gear manufacturer, from competing effectively.  (*Id*.)  The FAC is based on an attached "affidavit" of Mr. Woodhouse in which he asserts that he interviewed a purported soccer store owner, Francisco Mera, who supposedly explained to him that Nike was engaging in anticompetitive practices. (Declaration of Austin V. Schwing ("Schwing Decl."), Ex. 1.)  As addressed below, Mr. Woodhouse fabricated the contents of the affidavit – this purported soccer store owner has provided a sworn declaration that he has no knowledge of Nike's sales practices, that he did not tell Mr. Woodhouse the things in the affidavit, and that he does not even actually own the store.  (Schwing Decl., Ex. 2 (Declaration of Francisco Mora), ¶3-7.)  Further, the actual soccer store owner has provided a sworn declaration that all of the alleged exclusionary conduct described in Mr. Woodhouse's affidavit is untrue.  (Schwing Decl., Ex. 3 (Declaration of David Mora), ¶3-9.)  Accordingly, the FAC and Mr. Woodhouse's affidavit are baseless and have been presented for an improper purpose, including misleading this court and harassment of Nike in violation of Federal Rule of Civil Procedure 11(b)(1).  Further, the FAC advances claims and

Gibson, Dunn &
Crutcher LLP

1

NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

1  legal contentions that are unwarranted by existing law or by a nonfrivolous argument

2  for extending, modifying, or reversing existing law or for establishing new law in

3  violation of Federal Rule of Civil Procedure 11(b)(2).  The false affidavit and FAC

4  also advance factual contentions that lack evidentiary support in violation of Federal

5  Rule of Civil Procedure 11(b)(3).

6       Further, Plaintiff's racketeering claim violates Federal Rule of Civil Procedure

7  11 for additional reasons.  First, it purports to advance a racketeering claim under

8  California law – Plaintiff's claim is entitled "Civil RICO UNDER CALIFORNIA

9  LAW."  (FAC at 9.)  While California law has a "criminal profiteering" statute, it

10  requires the Attorney General or district attorney to demonstrate that there has been a

11  pattern of criminal profiteering, a *conviction* of the underlying offenses, and

12  "organized crime" must be present.  Cal. Penal Code §§ 186.2-186.4.  None of those

13  things have been alleged, and therefore Plaintiff's claim is frivolous and lacks any

14  evidentiary support.  Second, to the extent that Plaintiff advances a federal RICO

15  claim, Plaintiff has failed to allege any of the required elements of such a claim.

16  Indeed, Plaintiff's opposition in response to Nike's motion to dismiss makes

17  arguments that only serve to underscore that Plaintiff's RICO claim is fatally defective.

18       Given Plaintiff's false statements to this Court and frivolous claims, Nike

19  respectfully requests this Court to grant sanctions under Federal Rule of Civil

20  Procedure 11.[1]  Nike complied with Federal Rule of Civil Procedure 11(c)(2) prior to

21  filing this motion.  *See* Schwing Decl. ¶5 and Ex. 4.

22

23  _____

24  [1]  Nike has already filed a motion for sanctions against Mr. Woodhouse raising the
false statements he has made to the Court, including the false affidavit attached to

25  the FAC and false affidavits seeking a writ of execution.  (Dkt. No. 60.)  That
motion was made under Local Rule 83-3 and this Court's inherent authority to

26  provide remedies for unethical conduct. Nike was not able to file this motion
concurrently with that motion because of the requirement under Rule 11 that Nike

27  provide Plaintiff 21-days of notice before making a request for Rule 11 sanctions.
Nike respectfully requests that this motion be considered in tandem with that

28  motion.

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

## II.    FACTUAL BACKGROUND

Fresh on the heels of having its last three complaints against Nike dismissed by this Court, on November 20, 2014, Plaintiff filed yet another complaint in its crusade against Nike.  (Dkt. 1.)  On November 25, 2014, Plaintiff amended the complaint.  (Dkt. 7.)  The FAC makes hopelessly vague allegations that Nike engaged in anticompetitive conduct with respect to soccer retail stores that allegedly harmed Plaintiff's company, St. Thomas F.C., which it claims is a competitor of Nike.  (FAC at 2.)  Plaintiff purports to bring claims for:  (1) intentional interference with prospective economic relations; (2) violation of unfair competition under California Business & Professions Code Section 17200; (3) intentional interference with contractual relations; (4) negligence; (5) price fixing; and (6) "Civil RICO Under California Law."  (FAC at 3-10.)

The FAC is based on an attached affidavit of Benjamin Woodhouse, Plaintiff's lawyer.  (Schwing Decl., Ex. 1, Dkt. No. 7-1.)  In that document, Mr. Woodhouse represents to the Court that on November 22, 2104 he "interviewed Mr. Francisco Mera, owner of Soccer Actions USA, in Santa Maria, CA, and a current St. Thomas FC customer."  (*Id*. at 1.)  Mr. Woodhouse indicates that Mr. Mera told him that he was "forced to purchase around 5,000 soccer balls every 12 months, just to purchase Nike balls directly, and obtain service from Nike."  (*Id*.)  He further indicated in the affidavit that Mr. Mera told him that "there are minimums for the cleats, and that it was his understanding that you cannot purchase balls, and cleats separately, you are forced to purchase the products together.  Finally, he stated that while he likes offering customers choice, he could never ever commit to substantial purchases of other brands, and particularly St. Thomas FC because the Nike purchase program is so burdensome."  (*Id*.)  Plaintiff based the claims in the First Amended Complaint on Mr. Woodhouse's "affidavit".  (Dkt 7, at 3.)  Everything in Mr. Woodhouse's affidavit is fiction.

Gibson, Dunn &
Crutcher LLP

3

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

On December 15, 2014, Francisco Mora of Soccer Action USA signed a sworn declaration explaining that Mr. Woodhouse's affidavit is untrue.   (Schwing Decl., Ex. 2.)  First, he is not the owner of Soccer Action USA, as Mr. Woodhouse represented, but rather a store manager.  (*Id*., ¶ 3.)  Second, he states that he does not know Soccer Action USA's purchase requirement terms with Nike and that he did not describe those terms to Mr. Woodhouse.  (*Id*., ¶ 4.)  Mr. Woodhouse did try to ask him questions about Nike's purchase terms with Soccer Action, but Francisco Mora did not provide him any information.  (*Id*. ¶ 7.)  As Mr. Mora explains:

> I never told Mr. Woodhouse that Nike requires Soccer Action USA to purchase soccer balls in order to purchase cleats or other products.  I do not believe that to be true, and I have never heard that before.  I also never told Mr. Woodhouse that there were minimum orders for cleats or that Soccer Action USA felt forced to purchase Nike products.  I do not know why Mr. Woodhouse has said such things.

(*Id*., ¶ 5.)  Francisco Mora goes on to explain that Mr. Woodhouse dropped off a number of sample soccer balls at the Santa Maria, California store, but customers were not sufficiently interested in them, so he had Mr. Woodhouse come pick them up.  (*Id*., ¶ 6.)  Francisco Mora also notes that "the reason we do not currently sell Mr. Woodhouse's St. Thomas F.C. Soccer balls has nothing to do with Nike or any other supplier's purchase requirements."  (*Id*.)

Further revealing the falsity of Mr. Woodhouse's affidavit, David Mora, the actual owner of Soccer Action USA, executed a sworn declaration on December 15, 2014 explaining that Mr. Woodhouse's affidavit is wholly inaccurate.  (Schwing Decl., Ex. 3.)  David Mora explains that he has never experienced Nike tying soccer balls and cleats, he has not experienced any minimum purchase requirements for cleats, and, contrary to Mr. Woodhouse's representation that Soccer Action can only carry Nike products because of it purchase requirements, Soccer Action actually carries many

Gibson, Dunn &
Crutcher LLP

4

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

brands based on its customers' desires.  (Id., ¶¶ 2, 9.)  David Mora's declaration provides, in pertinent part:

- Mr. Woodhouse's affidavit states that Nike requires Soccer Action USA to purchase balls in order to buy cleats and other products.  That is not true.  Nike allows Soccer Action USA to purchase any products that I desire.  Nike does not require me to buy certain products in order to buy other products.

- Mr. Woodhouse's affidavit states that Soccer Action has to buy 5,000 Nike soccer balls every 12 months.  That is not true.  Soccer Action is not forced to buy any soccer balls from Nike, and Soccer Action has never purchased that many soccer balls from Nike in 12 months.

- Mr. Woodhouse's affidavit states that Nike has minimum purchase requirements for cleats.  I have never heard that before and that has not been my experience.  I have purchased cleats as business demand requires.

- Mr. Woodhouse's affidavit states that Soccer Action cannot commit to substantial purchases of other brands because it has to buy Nike's products.  That is not true.  Soccer Action carries many other brands, including Umbro, Reebok, Puma, Adidas, Xara, and Diadora.  I just buy what my customers like.  Nike has not done anything to interfere with Soccer Action's relationships with any other companies.

(*Id.*, ¶¶ 6-9.)

### III.   RULE 11 SANCTIONS ARE APPROPRIATE

The central purpose of Rule 11 is "to deter baseless filings in district court" and, to that end, it "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990) (holding that an attorney's pre-filing inquiry must be reasonable under the

Gibson, Dunn &
Crutcher LLP

5

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

circumstances).  Rule 11 provides, in pertinent part:

> (b)     By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).

Rule 11 requires that all factual contentions in a signed complaint have "evidentiary support" even before the complaint is filed.  Fed. R. Civ. P. 11(b)(3); s*ee also Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 174-75 (C.D. Cal. 2002) (Under Rule 11, "the question is whether, at the time the paper was presented to the Court . . . it lacked evidentiary support or contained 'frivolous' legal arguments."); *Herships v. Maher*, No. C-97-3114, 1998 WL 164943, at *2 (N.D. Cal. Mar. 10, 1998) (Rule 11 imposes "an affirmative duty to conduct a reasonable inquiry into the facts and the law *before filing*") (emphasis in original).  Under the Rule, attorneys are not permitted to rely on suspicion or speculation as a basis for factual allegations.  *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *Elan Microelectronics Corp. v. Apple, Inc.*, No. C-09-01531, 2009 WL 2972374, at *4 (N.D. Cal. Sept. 14, 2009) ("Simply guessing or speculating that there may be a claim is not enough.")

Gibson, Dunn &
Crutcher LLP

6

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

**A.      Plaintiff's Counsel's False Affidavit Violated Rule 11.**

Here, Plaintiff violated Rule 11 by presenting a false affidavit to the Court.  The declarations of David Mora, the owner of Soccer Action USA, and Francisco Mora, the manager of the Santa Maria, California Soccer Action USA store, demonstrate that Mr. Woodhouse's affidavit attached to the FAC is false.  Accordingly, it has no evidentiary support and has been presented in an attempt to deceive the Court in violation of Rule 11(b)(1) and (3).  Further, because the FAC, and the claims advanced therein, are based on that false affidavit, Plaintiff has advanced unwarranted, frivolous claims in violation of Rule 11(b)(2).[2]

**B.      Plaintiff's Racketeering Claim Violated Rule 11.**

Plaintiff's racketeering claim violates Rule 11 for additional reasons.   First, it purports to advance a racketeering claim under California law – Plaintiff's claim is entitled "Civil RICO UNDER CALIFORNIA LAW."  (FAC at 9.)  While California law has a "criminal profiteering" statute, it requires the Attorney General or district attorney to demonstrate that here has been a pattern of criminal profiteering, a *conviction* of the underlying offenses, and "organized crime" must be present.  Cal. Penal Code §§ 186.2-186.4.  None of those things have been alleged, and therefore Plaintiff's claim is frivolous and lacks any evidentiary support.

Second, to the extent that Plaintiff advances a federal RICO claim (the racketeering claim includes some citations to federal law) it also violates Rule 11.  A civil RICO claim, which is a quasi-criminal charge that provides for treble damages, is a serious allegation.  A RICO action "has an almost inevitable stigmatizing effect on those named as defendants." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996), quoting *Figueroa Ruiz v. Algeria*, 896 F.2d 645, 650 (1st Cir.

---

[2] As this Court is aware, Plaintiff's counsel also previously made false representations to the Court under penalty of perjury that Plaintiff had a default judgment against Nike in an effort to obtain a writ of execution directing the U.S. Marshal Service to seize all of Nike's property.  (*See* Dkt. Nos. 52 and 76).

Gibson, Dunn &
Crutcher LLP

7

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

1990) (internal quotation marks omitted).  Accordingly, especially when RICO claims are at issue, sanctions are appropriate when a plaintiff fails to scrupulously abide by Rule 11's obligations.  *Asbeka Industries v. Travelers Indemnity Co.*, 831 F. Supp. 74, 90-91 (E.D.N.Y. 1993) ("To stem the rising tide of RICO suits commenced without thoughtful attention to fundamental principles attendant upon that cause of action, the imposition of Rule 11 sanctions may serve the salutary purpose of discouraging such thoughtless litigation ….");  *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991) ("At a time when the federal courts – which are a scarce dispute resolution resource, indeed – are straining under the pressure of an ever-increasing caseload, we simply cannot tolerate this type of litigation.  Particularly with regard to civil RICO claims, plaintiffs must stop and think before filing them.");  *Smith v. Our Lady of the Lake Hospital,* 960 F.2d 439, 444 (5th Cir. 1992) ("Given the resulting proliferation of civil RICO claims and the potential for frivolous suits in search of treble damages, greater responsibility will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so.")

As noted above, Plaintiff premises his claims on a false affidavit attached to the FAC, thus his RICO claim lacks evidentiary support, is being presented for an improper purpose, and is frivolous in violation of Rule 11(b).  *See* Fed. R. Civ. Proc. 11(b)(1)-(3).  Additionally, Plaintiff's RICO claim violates Rule 11 because Plaintiff has failed to allege *any* of the elements of a RICO claim.  To the contrary, Plaintiff's own FAC and filings in this case conclusively demonstrate that Plaintiff's RICO claim is fatally defective.

Because a RICO claim is a serious charge, it must be pleaded with particular facts.  *Pineda v. Saxon Mrtg. Services*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim, but rather plaintiff must give defendant notice of the particular predicate act it participated in and must allege each

Gibson, Dunn & Crutcher LLP

8

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

1   predicate act with specificity).  RICO makes it unlawful "to conduct or participate,

2   directly or indirectly, in the conduct of [an] enterprise [that affects interstate

3   commerce] through a pattern of racketeering activity."  18 U.S.C. § 1962(c).  To state

4   a civil RICO claim, a plaintiff must allege facts showing:  (1) conduct, (2) of an

5   enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate

6   acts"), (5) causing injury to plaintiff's business or property.  *Grimmett v. Brown,* 75

7   F.3d 506, 510 (9th Cir. 1996).  RICO requires a violation of at least two criminal acts

8   enumerated by statute. 18 U.S.C. § 1961(1).  Therefore, in order to survive a motion to

9   dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements

10  for at least two of the pleaded predicate acts.  *See Sedima, S.P.R.L v. Imrex Co., Inc.*,

11  473 U.S. 479, 488-92 (1985).

12          The FAC utterly fails to meet RICO's required elements.  The FAC does not

13  even attempt to explain the "enterprise," as required by RICO.  *Rae v. Union Bank*,

14  725 F.2d 478, 480-81 (9th Cir. 1984); *White v. Beer*, 679 F. Supp. 207, 210-11

15  (E.D.N.Y.1988) (RICO count deficient because plaintiff did not plead adequately the

16  existence of an enterprise).  Plaintiff's opposition to Nike's motion to dismiss attempts

17  to fix this problem by asserting that Nike itself is the enterprise:  "Plaintiff, here,

18  alleges that Nike is an enterprise as it is a public company, and that it engaged in

19  extortion, which is evidenced by the alleged price fixing structure of Nike soccer

20  products offered to soccer specialty stores."  (Dkt 51 at 6.)  But Plaintiff's attempt to

21  cure its claim only further seals its fate.  Binding case law from the Ninth Circuit holds

22  that the defendant in a RICO claim must be distinct from the enterprise.  *Rae*, 725 F.2d

23  at 480-81.  This requirement, often called the person/enterprise distinction arises from

24  the long-standing common law maxim that a person cannot conspire with himself.  *Id*.

25  Thus, the person/enterprise distinction is not satisfied (and a RICO claim will fail)

26  where the corporation is named as the defendant person who engages in a pattern of

27  racketeering activity by itself.  *Riverwoods Chappaqua Corp. v. Marine Midland Bank,*

28  *N.A.,* 30 F.3d 339, 344 (2d Cir. 1995) ("We have made clear that, by virtue of the

Gibson, Dunn &
Crutcher LLP

9

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

distinctness requirement, a corporate entity may not be both the RICO person and the RICO enterprise under section 1962(c).").  Thus, Plaintiff's own opposition to Nike's Motion to Dismiss demonstrates that its claim is frivolous, and therefore a violation of Rule 11(b).  *See Harrison v. Dean Witter Reynolds, Inc.*, 132 F.R.D. 184, 191 (N.D. Ill. 1990) (Rule 11 sanctions granted because of plaintiff's failure to allege liable person and enterprise as separate entities); *Ryan v. Clemente*, 901 F.2d 177, 180-81 (1st Cir. 1990) (Rule 11 sanctions granted because no factual support for "common purpose" requirement of enterprise); *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996) (Rule 11 sanctions granted because of incoherently articulated enterprise); *Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995) (Rule 11 sanctions granted because facts did not support existence of enterprise).

The FAC also fails to describe the alleged pattern of racketeering activity.  The concept of a "pattern of racketeering activity" can fall under the closed-ended (completed) or open-ended (ongoing) types.  *H. J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 240-42 (1989).  Alleging a pattern under RICO requires extensive factual allegations tailored to the specific facts of each case.  *Id*. at 242; *Pineda,* 2008 WL 5187813, at *4.  Given that Plaintiff has not even used the word "pattern" in its FAC, let alone provided factual detail supporting a pattern of racketeering, its RICO claim is frivolous.  *Id*.  Rule 11 sanctions have repeatedly been issued when a plaintiff fails to properly establish a pattern of racketeering activity.  *Davis v. Hudgins*, 896 F. Supp. 561, 573 (E.D. Va. 1995) (sanctions issued for conclusory claim; facts did not support pattern of racketeering activity); *Barlow v. McLeod*, 666 F. Supp. 222, 225 (D.D.C. 1986) (same); *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 260-63 (N.D. Ill. 1993) (sanctions issued for failure to meet pattern requirement under established precedent); *Henry v. Farmer City State Bank*, 127 F.R.D. 154, 156-57 (C.D. Ill. 1989) (claim of "repeated" violations unsubstantiated; one arguable forgery was not pattern of activity) supposed "unlawful debt" did not meet statutory elements).

Gibson, Dunn &
Crutcher LLP

10

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

Nor has Plaintiff alleged predicate acts as required by 18 U.S.C. § 1961(1). While Plaintiff vaguely references the word "extortion," it does not allege the legal elements for criminal extortion, as it is required to do. *Id.* Further, the FAC makes plain that Plaintiff is simply attempting to dress up its antitrust allegations as "extortion." (FAC at 9 ("[Nike] engaged in extortion through its offering of product through a predatory pricing system.").) But Courts have repeatedly and consistently held that alleged antitrust violations do not constitute predicate acts under RICO. *Tate v. Pacific Gas & Elec. Co.*, 230 F. Supp. 2d 1072, 1083 (N.D. Cal. 2002) ("At all events, 'racketeering activity' as defined under RICO does not include antitrust violations."); *Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990) ("Appellants allege that the Appellees have committed numerous violations of state and federal antitrust law, yet violation of antitrust law is not a predicate act under RICO."); *Prince Heaton Enterprises, Inc. v. Buffalo's Franchise Concepts, Inc.*, 117 F. Supp. 2d 1357, 1363 (N.D. Ga. 2000) (holding similarly); *Blair v. All American Bottling Corp.*, No. 86-1426-R, 1988 WL 150814, *4 (S.D. Cal. Aug. 9, 1988)) (holding similarly). Thus, Plaintiff has failed to allege a pattern of predicate acts as required under RICO.

A plaintiff's failure to allege predicate crimes is also grounds for Rule 11 sanctions. *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996) (sanctions granted where allegations did not support elements of mail fraud); *Asbeka Industries v. Travelers Indemnity Co.*, 831 F. Supp. 74, 90 (E.D.N.Y. 1993) (same); *Sable v. Southmark/Envicon Capital Corp.*, 819 F. Supp. 324 (S.D.N.Y. 1993) (same: mail fraud, securities fraud); *Brandt v. Schal Associates, Inc.*, 121 F.R.D. 368 (N.D. Ill. 1988) (same); *Henry v. Farmer City State Bank*, 127 F.R.D. 154 (C.D. Ill. 1989) (sanctions issued where predicate crimes were not and could not have been adequately pleaded). Given Plaintiff's failure to adequately allege any of the elements required by the RICO statute, and its affirmative statements that are fatal to such a claim, this Court should grant Rule 11 sanctions.

Gibson, Dunn &
Crutcher LLP

NOTICE OF MOTION AND MOTION FOR RELIEF PURSUANT TO F.R.C.P. 11; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF  CASE NO. 2:14-CV- 08985-R-(FFMx)

# IV.   CONCLUSION

Plaintiff's FAC is based on a demonstrably false affidavit designed to deceive this Court.  Accordingly, each of the claims in the FAC is frivolous and not grounded in fact.  Particularly egregious is Plaintiff's baseless civil racketeering claim, a quasi-criminal allegation that threatens Nike's reputation and carries the potential for treble damages.   Accordingly, Nike respectfully requests this Court to issue Rule 11 sanctions in this case, including monetary sanctions, attorney's fees, and striking the causes of action in the FAC and Mr. Woodhouse's affidavit attached to the FAC.[3]

Dated: January 26, 2015

AUSTIN V. SCHWING
SEAN S. TWOMEY
GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Austin V. Schwing
          Austin V. Schwing

Attorneys for Defendant, NIKE, INC.

---

[3]  In the event this Court decides to issue monetary sanctions, Nike respectfully requests an opportunity to present a detailed application of the costs and attorney's fees it has incurred due to the violations described above.

Gibson, Dunn &
Crutcher LLP