UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAVENSIGHT CAPITAL LLC, ) | CASE NO. CV 14-8985-R |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION FOR SANCTIONS |
| v. ) | |
| ) | |
| NIKE, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant's Motion for Sanctions, which was filed on January 26, 2015. Having been thoroughly briefed by both parties, this Court took the matter under submission on February 11, 2015.

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir.1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

1  (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and
2  (3) there is factual support for the allegations. FED. R. CIV. P. 11(b).  Rule 11 imposes on
3  attorneys an "objective standard of reasonableness under the circumstances." *Golden Eagle Dist.*
4  *Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks
5  omitted).
6      The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. FED.
7  R. CIV. P. 11(c); *see* id. advisory committee's notes (1993 amendments) ("The court has
8  significant discretion in determining what sanctions, if any, should be imposed for a violation.").
9  One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and
10 to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation.
11 *Golden Eagle Dist. Corp.*, 801 F.2d at 1536.  Any Rule 11 sanction "must be limited to what
12 suffices to deter repetition of the conduct or comparable conduct by others similarly situated."
13 FED. R. CIV. P. 11.
14     Defendant Nike moves for Rule 11 sanctions on the grounds that Plaintiff's First Amended
15 Complaint ("FAC") is based on the false affidavit of Benjamin Woodhouse, Plaintiff's counsel,
16 and therefore each of the claims in the FAC is factually baseless and advanced for the improper
17 purpose of harassing Nike and deceiving the Court.  Plaintiff's FAC alleges that Nike engaged in
18 unfair competition and antitrust violations, which allegedly prevented Plaintiff, a soccer-gear
19 manufacturer, from competing.  The FAC further asserts a civil racketeering claim.  The FAC is
20 based on an attached affidavit of Mr. Woodhouse in which he asserts that he interviewed a
21 purported soccer store owner, Francisco Mera, who supposedly explained that Nike was engaging
22 in anticompetitive practices.
23     Specifically, in the attached affidavit, Mr. Woodhouse represented to the Court that on
24 November 22, 2014, he interviewed Mr. Francisco Mera, owner of Soccer Actions USA, in Santa
25 Maria, CA, and a current St. Thomas FC customer.  Mr. Woodhouse indicated that Mr. Mera told
26 him that he was forced to purchase around 5,000 soccer balls every 12 months, just to purchase
27 Nike balls directly, and obtain services from Nike.  He further indicated in the affidavit that Mr.
28 Mera told him that there are minimums for cleats, and that customers must purchase both balls and

1 cleats together.  Finally, Mr. Woodhouse indicated that Mr. Mera stated that while he likes
2 offering customers choice, he could never ever commit to substantial purchases of other brands,
3 and particularly St. Thomas FC because the Nike purchase program is so burdensome.

4 However, on December 15, 2014, Francisco Mora of Soccer Action USA signed a sworn
5 declaration explaining that Mr. Woodhouse's affidavit is untrue.  First, he is not the owner of
6 Soccer Action USA, as Mr. Woodhouse represented, but rather a store manager. Second, he stated
7 that he does not know Soccer Action USA's purchase requirement terms with Nike and that he did
8 not describe those terms to Mr. Woodhouse.  As Mr. Mora explains:

9 "I never told Mr. Woodhouse that Nike requires Soccer Action USA to purchase
10 soccer balls in order to purchase cleats or other products. I do not believe that to
11 be true, and I have never heard that before. I also never told Mr. Woodhouse
12 that there were minimum orders for cleats or that Soccer Action USA felt forced
13 to purchase Nike products. I do not know why Mr. Woodhouse has said such
14 things."

15 Further revealing the falsity of Mr. Woodhouse's affidavit, David Mora, the actual owner
16 of Soccer Action USA, executed a sworn declaration on December 15, 2014, explaining that Mr.
17 Woodhouse's affidavit is wholly inaccurate.  David Mora explained that he has never experienced
18 Nike tying soccer balls and cleats, he has not experienced any minimum purchase requirements for
19 cleats, and, contrary to Mr. Woodhouse's representation that Soccer Action can only carry Nike
20 products because of it purchase requirements, Soccer Action actually carries many brands based
21 on its customers' desires. David Mora's declaration provides, in pertinent part:

22 • Mr. Woodhouse's affidavit states that Nike requires Soccer Action USA to purchase
23 balls in order to buy cleats and other products. That is not true. Nike allows Soccer Action USA to
24 purchase any products that I desire. Nike does not require me to buy certain products in order to
25 buy other products.

26 • Mr. Woodhouse's affidavit states that Soccer Action has to buy 5,000 Nike soccer balls
27 every 12 months. That is not true. Soccer Action is not forced to buy any soccer balls from Nike,
28 and Soccer Action has never purchased that many soccer balls from Nike in 12 months.

3

1       • Mr. Woodhouse's affidavit states that Nike has minimum purchase requirements for
2   cleats. I have never heard that before and that has not been my experience. I have purchased cleats
3   as business demand requires.
4       • Mr. Woodhouse's affidavit states that Soccer Action cannot commit to substantial
5   purchases of other brands because it has to buy Nike's products. That is not true. Soccer Action
6   carries many other brands, including Umbro, Reebok, Puma, Adidas, Xara, and Diadora. I just buy
7   what my customers like. Nike has not done anything to interfere with Soccer Action's
8   relationships with any other companies.
9       Here, Plaintiff violated Rule 11 by presenting a false affidavit to the Court. The
10  declarations of David Mora, the owner of Soccer Action USA, and Francisco Mora, the manager
11  of the Santa Maria, California Soccer Action USA store, demonstrate that Mr. Woodhouse's
12  affidavit attached to the FAC is false. Accordingly, it has no evidentiary support and has been
13  presented in an attempt to deceive the Court in violation of Rule 11(b)(1) and (3). Further, because
14  the FAC, and the claims advanced therein, are based on that false affidavit, Plaintiff has advanced
15  unwarranted, frivolous claims in violation of Rule 11(b)(2).
16      Particularly egregious is Plaintiff's racketeering claim, which threatens Nike's reputation
17  and carries the potential for treble damages, based on the aforementioned false affidavit. An
18  attorney's responsibility to conduct a reasonable pre-filing investigation is particularly important
19  in RICO claims. *Chapman & Cole v. Itel Container Intern. B.V.*, 865 F.2d 676, 685 (5th Cir.
20  1989). Given the potential for frivolous suits in search of treble damages, greater responsibility
21  will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses
22  prior to bringing such suit or risk sanctions for failing to do so. *Id*.
23      This is not the first time that Plaintiff's counsel has engaged in the filing of frivolous
24  papers with no legal or factual support. Mr. Woodhouse previously filed false affidavits in which
25  he declared that he had obtained a default judgment against Nike even though no such default
26  judgment had been entered. It is clear to this Court that Mr. Woodhouse used these tactics solely
27  for the improper purpose of harassing Nike. One of the fundamental purposes of Rule 11 is to
28  reduce frivolous claims, and to deter costly meritless maneuvers. Because Plaintiff's claims have

1 neither a valid legal basis, nor evidentiary support, the imposition of sanctions is warranted for
2 deterrence purposes.
3     **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions is GRANTED, and
4 Plaintiff's counsel, Mr. Benjamin Woodhouse, is ordered to make payment to Nike the full cost of
5 all reasonable attorneys' fees and other expenses incurred as a result of the Rule 11 violations.
6 (Dkt. No. 101); Dkt. No.'s 103, 104, and 115 are deemed MOOT.
7 Dated: February 18, 2015.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE