JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAVENSIGHT CAPITAL LLC, | ) | CASE NO. CV 14-8985-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT'S |
| | ) | MOTION TO DISMISS PLAINTIFF'S |
| v. | ) | FIRST AMENDED COMPLAINT |
| | ) | |
| NIKE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, which was filed on November 25, 2014. Having been thoroughly briefed by both parties, this Court took the matter under submission on February 11, 2015.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what

1  the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570.  The Plaintiff must
2  plead factual content that allows the court to draw the reasonable inference that the defendant is
3  liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678.  The court will not accept "threadbare
4  recitals of the elements of a cause of action, supported by mere conclusory statements. . . ." *Id*.
5       Plaintiff's Complaint alleges the following six causes of action: (1) intentional interference
6  with contractual relations; (2) intentional interference with prospective economic relations; (3)
7  negligence; (4) vertical and horizontal price fixing; (5) civil RICO under California law; and (6)
8  unfair competition and trade practices.
9       Intentional interference with contractual relations requires proof of the following elements:
10 (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract;
11 (3) defendant's intentional acts designed to induce a breach or disruption of the contractual
12 relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting
13 damage.  *Yagman v. Galipo*, 2013 WL 1287409, at *5 (C.D. Cal. 2013).
14      Instead of pleading facts, which give rise to a plausible claim, Plaintiff relies on conclusory
15 and speculative statements such as, "Plaintiff either had or attempted to complete a contractual
16 relationship," and "Nike interfered with the relationship."  Mere recitals of a cause of action are
17 insufficient to state a claim for relief.
18      Moreover, Plaintiff fails to allege facts showing a breach or disruption of any contractual
19 relationship as required under California law, as well as facts demonstrating the requisite
20 knowledge or intent by Defendant to interfere with Plaintiff's contractual relationships.  Therefore,
21 Plaintiff's allegations fall short of stating a claim for intentional interference with contractual
22 relations, and Defendant's Motion to Dismiss this cause of action is granted.
23      Intentional interference with prospective economic relations requires proof of the
24 following elements: (1) an economic relationship between the plaintiff and some third party, with
25 the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the
26 relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship;
27 (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused
28 by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp*., 63 P.3d 937, 950 (Cal.

1 | 2003).

2 | Here, Plaintiff alleges that Defendant "either knew, or had constructive notice of the fact
3 | that St. Thomas FC was engaged in multiple business relationship [sic] with soccer store
4 | owners…" Plaintiff further claims that Defendant "interfered and disrupted this relationship
5 | through the distribution of its products through a predatory pricing scheme."

6 | These allegations fall well short of stating a plausible claim for relief under the heightened
7 | pleading standards of *Twombly* and *Iqbal*. Plaintiff makes bare legal conclusions that Defendant
8 | knew about Plaintiff's business relationships without pleading any actual facts to support that
9 | claim. Instead, the Plaintiff recites vague allegations that are too speculative to state a claim for
10 | intentional interference with prospective economic relations. Moreover, Plaintiff claims
11 | Defendant interfered with these alleged economic relationships, but does not include any facts
12 | showing actual interference.

13 | Plaintiff has not alleged facts showing an economic relationship, Defendant's knowledge
14 | of that relationship, or interference with that relationship. Thus, Plaintiff has failed to plead
15 | enough facts to state a claim to relief that is plausible on its face, and Plaintiff's cause of action for
16 | Intentional Interference with Prospective Economic Relations is dismissed.

17 | A claim for negligence requires proof of the following elements: (1) a duty to exercise due
18 | care, (2) breach of that duty, (3) causation, and (4) damages. *Merrill v. Navegar, Inc*., 28 P.3d 116,
19 | 123 (Cal. 2001).

20 | Here, Plaintiff's negligence claim is based on its claims that Defendant "should have
21 | known that its monopolistic predatory pricing schemes would cause harm to other competitors,
22 | customers, and the general public, most importantly." Based on these allegations, Plaintiff
23 | concludes that Defendant was negligent. However, these allegations are vague and ambiguous as
24 | to whether Defendant even owed Plaintiff a legal duty, and how Defendant breached any potential
25 | duty to Plaintiff. The threshold element of a cause of action for negligence is the existence of a
26 | duty to use due care toward an interest of another that enjoys legal protection against unintentional
27 | invasion. *Bily v. Arthur Young & Co*., 11 Cal. Rptr. 2d 51 (Cal. 1992). The First Amended
28 | Complaint fails to allege any facts showing that Defendant owed any duty to Plaintiff.

1  Furthermore, Plaintiff's conclusory statement that "Defendant should have known that its
2  monopolistic predatory pricing schemes would cause harm," is insufficient to plead a plausible
3  negligence claim. Therefore, Plaintiff's cause of action for Negligence is dismissed.

4  Horizontal price fixing occurs when competitors agree on prices to charge their customers
5  for goods or services. *Exxon Corp. v. The Superior Court of Santa Clara County*, 60 Cal. Rptr. 2d
6  195 (Cal. Ct. App. 1997). Vertical price fixing occurs when a party agrees with another entity
7  further down the chain of distribution regarding what price to charge a customer for goods or
8  services. *Id*.

9  Plaintiff alleges in its FAC that "Defendant, here, should be found liable of the tort of price
10  fixing because…the Defendant constrained trade and affected the market through controlling the
11  amount of capacity that a distributor must purchase." Again, Plaintiff states a bare legal
12  conclusion without any supporting facts showing a plausible claim for vertical or horizontal price
13  fixing. As such, this cause of action is dismissed.

14  Plaintiff's RICO claim is entitled "CIVIL RICO CLAIM UNDER CALIFORNIA LAW."
15  Plaintiff purports to invoke California law, however it cites to the federal RICO statute, Title 18
16  U.S.C. § 1962. Plaintiff then concludes in its FAC that "Defendant, here, is an enterprise as it is
17  incorporated in the state of Oregon, and here, it engaged in extortion through its offering of
18  products through a predatory pricing system." However, Plaintiff's FAC lacks any facts giving
19  rise to a plausible claim, and relies solely on this bare legal conclusion. It is therefore, insufficient
20  as a matter of law, and as such is dismissed.

21  California's Unfair Competition Law (UCL) prohibits "unfair competition," meaning "any
22  unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading
23  advertising." CAL. BUS. & PROF. CODE § 17200.

24  Here, Plaintiff alleges Defendant engages in monopolistic behavior, and has violated anti-
25  trust statutes in its predatory pricing, in violation of Section 2 of the Sherman Act. For the reasons
26  set forth above, Plaintiff cannot state a UCL claim based on the allegations in its first five causes
27  of action. The only additional law that Plaintiff points to in support of its UCL claim is Section 2
28  of the Sherman Act. The Ninth Circuit has stated that an antitrust complaint must cross the

threshold not only between conclusory and factual but also between the factually neutral and the factually suggestive. *Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1049 (9th Cir. 2008).

Section 2 of the Sherman Act "makes it illegal to attempt to monopolize any part of the trade or commerce among the several States, or with foreign nations." *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 893 (9th Cir. 2007). A Section 2 monopolization claim requires proof of (1) monopoly power in the relevant market; and (2) the willful acquisition or maintenance of that power. *Verizon Communications Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004). Simply possessing monopoly power and charging monopoly prices does not violate section 2; rather, the statute targets the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *John Doe 1 v. Abbott Laboratories*, 571 F.3d 930, 934 (9th Cir. 2009). Therefore, a plaintiff must prove the defendant had the specific intent to monopolize. *Cascade Health Solutions*, 515 F.3d at 893. Furthermore, when predatory pricing is at issue, as Plaintiff alleges here, a plaintiff must demonstrate that (1) the prices complained of are below an appropriate measure of its rival's costs; and (2) there is a dangerous probability that the defendant will be able to recoup its investment in below-cost prices. *John Doe 1*, 571 F.3d at 934.

Here, Plaintiff has failed to plead sufficient facts supporting a claim of monopolization, and instead relies on legal conclusions and threadbare recitals of the elements of this cause of action. First, Plaintiff alleges that Defendant "engages in aggressive anti-competitive behavior," but fails to plead any supporting facts showing plausible anticompetitive conduct. Plaintiff makes other vague assertions that Defendant required customers to purchase a mix of products, and provided special pricing to big retailers, but fails to provide any factual detail to plausibly support this conclusory allegation, or any explanation regarding the "special pricing" and how it would constitute anticompetitive conduct. In fact, the FAC alleges a non-exclusionary reason for the purported special pricing: Plaintiff alleges Defendant did it to "streamline distribution" – a legitimate business reason.

Furthermore, Plaintiff fails to allege any facts that Defendant had the specific intent to monopolize, or even that Defendant had monopoly power in a relevant market. In fact, Plaintiff's

1  FAC pleads that there are other "gargantuan retailers."  Plaintiff even filed an article with the
2  Court as an exhibit to the FAC, which explains that Nike and Adidas are in fierce competition, and
3  that Adidas is presently leading this category and targeting record annual soccer-related sales.
4  Thus, Plaintiff's own allegations contradict its bald assertion that Defendant has monopoly power
5  over soccer goods.
6  　　In sum, Plaintiff has not pleaded facts supporting any of the elements of a cause of action
7  under the UCL.  Instead, Plaintiff has made vague and inconsistent allegations of anticompetitive
8  conduct, relying on purely conclusory language.  Accordingly, Plaintiff has failed to allege facts
9  giving rise to a plausible UCL claim, and therefore, this cause of action is dismissed.
10  　　Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff's First
11  Amended Complaint makes vague legal conclusions, and merely recites the elements of the causes
12  of action instead of pleading facts, which give rise to a plausible claim.  After eliminating such
13  unsupported legal conclusions, Plaintiff's First Amended Complaint lacks any well-pleaded
14  factual allegations giving rise to an entitlement to relief, and no reasonable inference can be made
15  that defendant is liable for the misconduct alleged.
16  　　A district court may deny a plaintiff leave to amend if it determines that allegation of other
17  facts consistent with the challenged pleading could not possibly cure the deficiency.  *Telesaurus*
18  *VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Here, even if the First Amended
19  Complaint is broadly construed and the truth of the allegations assumed, there is no basis for
20  concluding that Plaintiff's claims can be saved by amending the Complaint.  Based on the facts
21  alleged by Plaintiff, there is no cognizable legal theory that could support liability against
22  Defendant, and dismissal with prejudice is appropriate.
23  / / / / /
24  / / / / /
25  / / / / /
26  / / / / /
27  / / / / /
28  / / / / /

**IT IS HEREBY ORDERED** that Defendant's Motion To Dismiss is GRANTED without leave to amend (Dkt. No. 41); Dkt. No.'s 60, 66, 67, 68, 72 and 90 are deemed MOOT.

Dated: February 18, 2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE