Benjamin Woodhouse esq.
Havensight Capital LLC
#5 Company St.
Christiansted, USVI 00820
805 478 1958
California Bar #261361

# UNITED STATES FEDERAL COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Havensight Capital LLC,<br><br>         Plaintiff,<br><br>Nike Inc, Defendant<br><br>Does 1 to 10<br><br>         Defendant | Case No.: 2:14-CV-08985<br><br>**Plaintiff's Request for Judicial Notice of Newly Discovered Evidence in Support of Motion to Vacate Granted Motion to Dismiss and Re-Open case, and Motion to Vacate Sanctions.** |

**Plaintiff's Request for Judicial Notice of Defendant's Egregious Racist Campaign in Support of the Tort of Unfair Business Practices.**

The Plaintiff moves the Court, here, to take Judicial Notice of the front page of the Defendant's website, Nike.com. *See attached exhibit.* The very front page of Nike.com features, the slogan, "Gear up for a White hot season," along with an athlete making an anti-semitic gesture, and an allusion to quasi terrorist and hate congregation can be reasonably

1         REQUEST FOR JUDICIAL NOTICE OF NEWLY DISCOVERED EVIDENCE

inferred from this marketing communication.  This is in direct contrast, to the Plaintiff's St. Thomas F.C. marketing, which expressly communicates that the brand's mission is to use the Universal spirit of soccer, to champion diversity and tolerance, around the World.  This mission is also communication, in conjunction with the Company staff's advocacy for Aboriginal civil rights through its comic book character, Binty, the Aboriginal Burrowing Owl warrior. *See stthomasfc.com*

The Plaintiff does not wish to waste the Court's time, here, with an examination of whether this advertisement is protected by commercial First amendment speech, under the intermediate test, as that is not at issue in this filing.  Rather, this racist and anti-semetic marketing campaign, is newly discovered evidence of the Defendant exhibiting, **quasi terrorist behavior**, as alleged in case 2:14-cv-07153, and 2:14-cv-08985 at hand, and also evidence of a

violation of the tort of unfair business practices, which was also alleged, in both cases, which now should both be re-opened.

    Under the Tort of Unfair business practices, the Defendant can be held liable for any marketing action that is either, unfair, or fraudulent. *State Farm v. Sup. Court*,(1996)45 CA 4th 1093, 1104.  The Defendant, here, has engaged in a behavior that is threatening, and intended to quell free speech through this front page feature marketing.  *Id.*  This is the same kind of attack on speech that our soccer store customer alleged, when he described a fear of retaliation from Nike for speaking, on their unreasonable and clandestine pricing policies. *See Amended First Complaint, Affidavit*.  The Court inadvertently used an illegal deposition, here, as the reason for granting sanctions against the Plaintiff, and Defendant's motion to dismiss. *See Court's Order Granting Motion to Dismiss and Motion for Sanctions*.  This illegal

deposition was taken outside of the discovery period, and the Plaintiff cannot be impeached by a witness,: who was not provided with an attorney, who the Plaintiff has had no opportunity to cross examine, and whose testimony is unauthenticated. *Federal Rules of Evidence. Rule 26 FRCP. Rule 30 FRCP.*

> ***Further, the standard of review for a Motion to dismiss does not allow any illegal discovery to be used, in the Court's determination. The Court, here, inadvertently, takes excerpts from the illegal deposition in its reasoning for granting the Motion to Dismiss.*** *Id. Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988)

This offensive behavior by the Defendant is also consistent, with the Defendant's pleaded felony, in appropriating our customer's email. *18 U.S.C. 1030. U.S. v. Hsu*, 155 F. 3d 189 (1989). **Under the law, a private party cannot appropriate corporate records from**

**a computer, and certainly cannot do it, outside of the discovery period.** *Id.* The Defendant, here, entered into the record a confidential communication, between the Plaintiff, and the manager of Soccer Actions. **The Court, here, should move immediately to send this appropriated email to the DOJ for investigation.**

Moreover, we have detailed, in our Motion to Vacate granted Motion to Dismiss and Motion to vacate sanctions, why the Court should not under the law, have allow illegal testimony, and an illegally appropriated email, to be entered into the public record, in support of such retaliatory behavior. *See Motion to Vacate Granted Motion to Dismiss*. **These public record entries, along with the multiple entries from an attorney not of record, and all settlement offers are prohibited by the law, and such improper discovery cannot be used, in any adjudication of a Motion to Dismiss.** Federal Rules of Evidence 408. *Rule 26*

*FRCP, Rule 30 FRCP. Rule 68 FRCP*, *Balistreri v. Bortz v Bortz,* 675 So. 2d 622 (Fla. 1st DCA 1996)

Further, we feel that the Court's tremendous experience, and incredible leadership, will not allow the Plaintiff's counsel to be legally bound, to financially support, such racist and anti-semitic marketing communications.  Moreover, the Plaintiff's counsel should also not be held responsible for funding, Nike's continued illegal surveillance and harassment, which is consistent with the quasi terrorist behavior that is propounded, in this exhibited material.  We respectfully request that the Court immediately move to Re-Open this case, Vacate sanctions, and allow for discovery, on illegal price fixing, along with all illegal appropriations of Plaintiff's corporate records, and all terrorist surveillance activity, conducted by the Defendant. Finally, the Court can on its own discretion, move to Default the Defendant, as all of the aforementioned

illegal and improper violations were plead by the Defendant, and taken collectively are insurmountable, to allow the Defendant to prevail.  *Thomas v. Luong*, (1986) 187 Cal. App. 3d 76,81-82.  The Court at its own discretion can Re-Open, both, case 2:14-07153, and 2:14-cv-08985 and default the Defendant, as justice requires it.

>*/s/ Benjamin Woodhouse*
>Benjamin Woodhouse esq.
>Havensight Capital LLC
>#5 Company St.
>Christiansted, VI 00820
>805 478 1958
>California Bar #261361