# United States District Court
## For The Central District of California

| | |
|---|---|
| HAVENSIGHT CAPITAL, LLC, | CV 2:14-07153 R (Closed) |
| Plaintiff, | CV 2:14-08985- R |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF CURRENT JUDGE AND REASSIGNMENT TO A DIFFERENT JUDGE [125]; and ISSUANCE OF OSC RE: RULE 11 SANCTIONS |
| NIKE, INC., | |
| Defendants. | |

**BACKGROUND**

On December 8, 2014 Plaintiff filed its first Motion to have this matter reassigned to a different judge. The entirety of the motion was as follows:

Under *28 U.S. Code § 455,* Judicial Reassignment is proper in any cases where the Judge has bias or prejudice to a party, as a result of Defendant counsel's conduct. In this case, here, the Defendant entered confidential settlement offers into the public record, and allegedly contracted with US marshals to prejudice my client. *See Motion to Dismiss and Amended Motion to Re Open Case*. Moreover, it would be in the interest of justice, now that these new violations, and also new evidence has come to light for a Judge that did not initially rule on

the case, to adjudicate the claims at hand, on their merits.

No amount of mental dexterity by the court could successfully divine precisely how Judge Real had been shown to be biased by the conduct of defense counsel. And sadly, Plaintiff's counsel made no effort whatsoever to draw his argument into sharper focus. This court had no option but to deny the motion for reassignment. [71, filed 12/11/2014]

Undaunted, on January 2 [83] and again on January 5, 2015 {85} Plaintiff filed two more motions to have the case reassigned to another judge. In these two motions, more words were added, but once again there was not even the pretense of satisfying the elements of 18 U.S.C. § 144 or 455(a). Moreover, in each case, including this, the **fourth** recusal motion, they are filed under a closed case number. In none of the motions, including this one, is there any mention of how or in what respect Judge Real is biased. This deficiency has been discussed in detail in prior orders and will not be repeated here.

Plaintiff has no qualms about multiplying this litigation and needlessly causing Defendant additional expense in responding to baseless motions which have repeatedly been adjudicated. Nor does Plaintiff seem the least bit troubled by wasting the scarce resources of this court by the filing of serial frivolous motions. In prior Orders the court has requested the Plaintiff cease this activity. Apparently a mere request from the court is insufficient to motivate compliance. Once again the court instructs Plaintiff's counsel to file no more motions to reassign this **closed** case, or any other motions for that matter in this **closed** case. So as to assure that the court has gained counsel's full attention, the Court strongly advises that counsel familiarize himself with the Federal Rules of Civil Procedure, particularly Rule 11 and Title 28 U.S.C §1927.

Rule 11(b) of the Federal Rules of Civil Procedure provides in part: "By presenting to the court a pleading, written motion, or other paper [ ] an attorney or unrepresented

party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law."   Subparagraph (c) provides for the imposition of sanctions for violation of the rule.  In addition, 28 U.S.C. §1927 authorizes for the imposition of sanctions against an attorney admitted to practice before the federal courts who unreasonably multiplies the proceedings.

**IT IS ORDERED** that Plaintiff's counsel Benjamin Woodhouse **SHOW CAUSE** in writing on or before **March 11, 2015** why the Court should not impose sanctions in the form of attorneys fees and expenses incurred by defendant in responding to the last three motions to Reassign the matter to another trial judge.

**IT IS SO ORDERED**

DATED: February 24, 2015    _____
OTIS D. WRIGHT, II
DISTRICT JUDGE